Sean D. Muntz, 223549
Tanya Schardt, 247839
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, CA  92612-4414
Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100
E-Mail:     sean.muntz@bryancave.com
            schardtt@bryancave.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ANGELA LENT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A., DOES 1 TO 10,<br><br>　　　　　Defendants. | Case No. SACV14-00063 DOC (JPRx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT BY DEFENDANT JP MORGAN CHASE BANK, N.A.**<br><br>**DATE: March 10, 2014**<br>**TIME: 8:30 a.m.**<br>**ROOM: 9D**<br><br>[Filed concurrently with Request for Judicial Notice and [Proposed] Order] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 10, 2014 at 8:30 a.m., or soon thereafter as the matter may be heard, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant JPMorgan Chase Bank, N.A. will and does move this Court, the Honorable David O. Carter presiding, for an Order dismissing the Complaint of Plaintiff Angela Lent for failure to state a claim upon which relief can

688882.2

1  be granted.  The Motion is made on the following grounds:

2      1.    Plaintiff's first claim for "Injunctive Relief" fails to state a claim
3  because plaintiff fails to plead sufficient facts to support a claim for relief.

4      2.    Plaintiff's second claim for "Violation of Real Estate Settlement
5  Procedure Act" fails to state a claim because Plaintiff fails to identify sufficient facts
6  to support a claim for relief.

7      The Motion is based on this Notice of Motion and Motion, the attached
8  Memorandum of Points and Authorities and Request for Judicial Notice, all
9  pleadings and papers on file in this action, and such other further matters as the
10  Court may consider.

11

12  Dated:  February 11, 2014        Sean D. Muntz
    T. Tanya Schardt
13      **BRYAN CAVE LLP**

14
    By:  */s/T. Tanya Schardt*
15          T. Tanya Schardt
    Attorneys for Defendant
16      JPMORGAN CHASE BANK, N.A.

17

18

19

20

21

22

23

24

25

26

27

28

688882.2

MOTION TO DISMISS

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff defaulted on a home loan. She sues to avoid foreclosure.

Plaintiff asserts two causes of action. She seeks injunctive relief and alleges a violation of the Real Estate Settlement Procedure Act.

Neither cause of action has merit. Injunctive relief is a remedy, not a cause of action. Plaintiff also does not allege sufficient facts to state a claim for relief that is plausible on its face under RESPA, as she fails to allege that she suffered any damages.

The motion to dismiss should be granted.

## II. FACTS

Plaintiff and her husband Vance S. Lent borrowed $417,000.00 from Stearns Lending Inc. in 2006. (Request for Judicial Notice, Ex. A.) The loan is secured by a Deed of Trust. (*Id.*)

In 2010, Plaintiffs were granted a modification of the terms of their loan. (RJN, Exhibit B.)

In 2009, Mr. Lent quitclaimed his interest in the property to Plaintiff. (RJN, Exhibit C.)

In September 2013, Plaintiff sent the bank a letter demanding answers to certain questions. (*See* Compl., ¶ 8.) The bank responded to the letter nine days later. (*See* Compl., ¶ 9)

## III. THE MOTION TO DISMISS SHOULD BE GRANTED

### A. Standard

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) may be brought when a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his or her entitlement to relief requires "more than labels and conclusions, and a formulaic recitation of a

688882.2

1  cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S.
2  544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above
3  the speculative level on the assumption that all of the complaint's allegations are
4  true." *Id.*  To survive a motion to dismiss, a complaint must contain sufficient
5  factual matter that when accepted as true, states a claim to relief that is plausible on
6  its face.  *Id.* at 564.

7       **B.**    **The cause of action for violation of RESPA is not supported by factual allegations.**
8

9       Section 2605 of RESPA requires loan servicers of federally regulated
10  mortgage loans to respond to "qualified written request(s)."  12 U.S.C. § 2605(e).
11  A Qualified Written Request is a "written request from the borrower (or an agent of
12  the borrower) for information relating to the servicing of such loan."  12 U.S.C. §
13  2605(e)(1)(A).  In order to state a claim for RESPA under Section 2605 for the
14  failure to properly respond to a QWR, Plaintiff must allege facts to support that she
15  sent a QWR **and** that she has suffered damages.  *Lopez v. US Bank N.A.*, 2010 WL
16  3463622, at *1-2 (S.D. Cal. 2010); *Lemperle v. Washington Mut. Bank*, 2011 WL
17  197590, at *2-3 (S.D. Cal. 2011) (emphasis added).

18       Section 2605 provides:  "Whoever fails to comply with this section shall be
19  liable to the borrower . . . [for] any **actual** damages to the borrower as a result of the
20  failure . . . ."  12 U.S.C. § 2605(f)(1)(A) (emphasis added). "However, alleging a
21  breach of RESPA duties alone does not state a claim under RESPA.  Plaintiffs must,
22  at a minimum, also allege that the breach resulted in actual damages."  *Hamilton v.*
23  *Bank of Blue Valley,* 746 F. Supp. 2d 1160, 1175 (E.D. Cal. 2010).  The requirement
24  affords a claim only where the plaintiff can show the failure of the servicer to
25  respond to a QWR has caused actual harm.  *See Singh v. Wash. Mut. Bank,* 2009
26  WL 2588885, at *5 (N.D. Cal. Aug. 19, 2009).

27       Here, Plaintiff concludes she is entitled to actual damages, but she fails to
28  allege facts to support that she has suffered damages through Defendant's purported

688882.2

MOTION TO DISMISS

1  failure to respond properly to her alleged QWR.  Therefore Plaintiff has failed to
2  state a claim.  *Lopez*, 2010 WL 3463622, at *1 (*citing Eronini v. JP Morgan Chase
3  Bank NA,* No. 08-55929, 2010 WL 737841, at *1 (9th Cir. Mar.3, 2010) (affirming
4  dismissal of RESPA claim because plaintiff "suffered no damages").

5       Plaintiff also seeks statutory damages for the alleged RESPA violation.  To
6  recover statutory damages, a plaintiff must plead a pattern or practice of
7  noncompliance with RESPA.  12 U.S.C. § 2605 (f)(1)(b).  Where a plaintiff merely
8  requests statutory damages without any facts to support that the defendant has
9  engaged in a pattern or practice of RESPA violations, no claim is stated.  12 U.S.C.
10 § 2605 (f)(1)(b); *Copeland v. Lehman Brothers Bank*, FSB, 2010 WL 2817173, *4
11 (S.D. Cal. 2010).  Plaintiff has not made such allegations.

12     **C.**    **The cause of action seeking injunctive relief cannot stand.**

13      Injunctive relief is a remedy, not a stand-alone cause of action.  *Washington
14 Toxics Coalition v. Environmental Protection Agency*, 413 F.3d 1024, 1034 (9th Cir.
15 2005); *Shamsian v. Atl. Richfield Co.*, 107 Cal. App. 4th 967, 984-85 (2003).   The
16 purported cause of action should be dismissed.

17 **VI.   CONCLUSION**

18      Because Plaintiff does not allege facts supporting her claim that she was
19 damaged, she has not stated a cause of action for violation of RESPA.  Her cause of
20 action seeking injunctive relief is not a viable stand-along cause of action.  The
21 motion to dismiss should be granted.

23 Dated:  February 11, 2014        Sean D. Muntz
                                                 T. Tanya Schardt
24                                               **BRYAN CAVE LLP**

26                                               By:  */s/T. Tanya Schardt*
                                                    T. Tanya Schardt
27                                               Attorneys for Defendant
                                                 JPMORGAN CHASE BANK, N.A.

688882.2

MOTION TO DISMISS

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414